# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTREN DISTRICT OF TEXAS

Obaida A Al Hayazei,

A# 212 663 059, IOE0918250205, IOE0909659192

13021 Dessau Rd, apt 189

Austin, Texas 78754

and,

Mohammed A Mahmood,

A# 212 663 210, IOE0908570732

2430 Cromwell Cr, apt 1512

Austin, Texas 78741


Similarly Situated class members

PLAINTIFFS,


v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

 U.S. Citizenship and Immigration Services



Defendant

Case No.     1:24-cv-1459

# COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' FAILURE TO ADJUDICATE PLANTIFFS' NATURALIZATION APPLICATION

Come Now, PLAINTIFFS Obaida A. Al Hayazei AND Mohammed A. Mahmood as similarly situated class members to respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed applications for naturalization.

This lawsuit challenges the Defendants' unlawful delay of PLAINTIFFS' applications for citizenship under a secretive policy that has blacklisted PLAINTIFFS as "national security concern," when in fact PLAINTIFFS are not, and illegally prohibited PLAINTIFFS from becoming U.S. citizens, despite being statutorily eligible to do so.

PLAINTIFFS OBAIDA A. AL HAYAZEI and MOHAMMED A MAHMOOD I are law-abiding, long-time residents of the United States who meet the statutory criteria to be naturalized as American citizens.

Plaintiff MOHAMMED A MAHMOOD resides in Austin, Texas

Plaintiff, Obaida A. Al Hayazei Resides in Austin, Texas

PLAINTIFFS OBAIDA A. AL HAYAZEI and MOHAMMED A. MAHMOOD are lawful permanent residents.

PLAINTIFFS filed timely N-400 Applications for Naturalization

Defendants assigned Receipt Number IOE0918250205 AND IOE0909659192 to OBAIDA A AL HAYAZEI's case, and Receipt Number IOE0908570732 to Mohammed A Mahmood's case. As he though one application just stuck and he has the burden to file again, later he withdraw one of the applications but until todays days no application was decided.

Under the 28 USC §1361, the agency has a duty to schedule and conduct the naturalization interview within a reasonable timeframe.

Since that time, USCIS has refused to adjudicate PLAINTIFFS' applications in accordance with applicable legal criteria. Instead, USCIS has applied different rules under a policy known as the Controlled Application Review and Resolution Program ("CARRP"), which has resulted in the agency refusing to adjudicate PLAINTIFFS' applications.

PLAINTIFFS have made repeated requests to USCIS to have the cases finally adjudicated. None of these efforts have resulted in movement on the case.

PLAINTIFFS bring this action to compel the USCIS to finally adjudicate the pending applications for naturalization as required by law.

The Constitution expressly assigns to Congress, not the executive branch, the authority to establish uniform rules of naturalization. The Immigration and Nationality Act ("INA") sets forth such rules.

When these rules and requirements have been met, as they have been in PLAINTIFFS' cases, USCIS is obligated to grant citizenship.

Since 2008, however, USCIS has used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns."

CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA.

CARRP identifies "national security concerns" based on deeply flawed and expansive government watchlists, and other vague and imprecise criteria that bear no relation. to the security-related statutory ineligibility criteria.

The CARRP definition illegally brands innocent, law-abiding residents, like PLAINTIFFS, who do not pose a security threat, as "national security concerns" on account of innocuous activity and associations, innuendo, suppositions and characteristics such as national origin.

Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim- majority countries or regions were subjected to CARRP.

Due to CARRP, USCIS has not adjudicated PLAINTIFFS' applications, as the law requires.

Although USCIS has thus far prevented PLAINTIFFS from becoming U.S. citizens, the Defendants have not notified PLAINTIFFS that they consider them to be a potential "national security concern," provided the reasons why they have classified them in this way, or afforded them any opportunity to address and correct any basis for USCIS's concerns.

PLAINTIFFS therefore request that the Court enjoin USCIS from applying CARRP to this immigration application and declare that CARRP violates the INA; Article 1, Section 8, Clause 4 of the United States Constitution (the naturalization clause); the Due Process Clause of the Fifth Amendment to the U.S. Constitution; and the Administrative Procedure Act ("APA").

PARTIES

Plaintiff: Obaida A Al Hayazei's case, Receipt Number IOE0918250205 &IOE0909659192 ( One application should be withdrawn)

Plaintiff: Mohammed A Mahmood's case Receipt Number IOE0908570732

Plaintiff:  class members which they are similarly to situated.

Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "USCIS") is the component of the DHS that is responsible for processing applications for naturalization.

Defendant: Ur Mendoza Jaddou, Director of the USCIS, is the highest-ranking official within the USCIS. Jaddou is responsible for the implementation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Jaddou is sued in an official capacity as an agent of the government of the United States.

Defendants' unlawful conduct has deprived PLAINTIFFS of the privileges of United States citizenship. PLAINTIFFS cannot vote, serve on juries, expeditiously sponsor immediate relatives living abroad for permanent residence, receive business and education loans and benefits reserved for citizens, participate in the Visa Waiver Program, or travel abroad and return to the U.S. without fear of exclusion from this country. PLAINTIFFS respectfully requests that the Court require the Defendants to adjudicate the applications for naturalization within the time periods prescribed by law, and declare that the Defendants' actions violate the naturalization statute and regulations, laws governing administrative agency action and the Due Process Clause of the Fifth Amendment

## JURISDICTION AND VENUE

This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., 8 U.S.C. § 1447(b) and the APA, 5 U.S.C. § 701 et seq., in conjunction with the Mandamus Act, 28 USC § 1361.

Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) the Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action; and.(3) At lease one Plaintiff reside within this district.

## LEGAL FRAMEWORK

To naturalize as a U.S. citizen, an applicant must satisfy certain eligibility criteria under the INA and its implementing regulations. See 8 U.S.C. §§ 1421-27, 1458; 8 C.F.R. §§ 316.1-316.14.28.

Applicants must prove that they are "at least 18 years of age," 8 C.F.R. § 316.2(a)(1); have "resided continuously, after being lawfully admitted" in the United States

> "for at least five years" (or three years if married to a U.S. citizen); and have been "physically present" in the United States for "at least half of that time." 8 U.S.C. § 1427(a)(1).

Applicants must also demonstrate "good moral character" for the five years preceding the date of application, "attach[ment] to the principles of the Constitution of the United States, and favorabl[e] dispos[ition] toward the good order and happiness of the United States " 8 C.F.R. § 316.2(a)(7).

An applicant is presumed to possess the requisite "good moral character" for naturalization unless, during the five years preceding the date of the application, they are found

> (1) to be a habitual drunkard, (2) to have committed certain drug-related offenses, (3) to be a gambler whose income derives principally from gambling or has been convicted of two or more gambling offenses, (4) to have given false testimony for the purpose of obtaining immigration benefits; or if the applicant (5) has been convicted and confined to a penal institution for an aggregate period of 180 days or more, (6) has been convicted of an aggravated felony, or (7) has engaged in conduct such as aiding Nazi persecution or participating in genocide, torture, or extrajudicial killings. 8 U.S.C. § 1101(f)(6).

An applicant is barred from naturalizing for national security-related reasons in circumstances limited to those codified in 8 U.S.C. § 1424, including, inter alia, if the applicant has advocated, is affiliated with any organization that advocates, or writes or distributes information that advocates "the overthrow by force or violence or other unconstitutional means of the Government of the United States," the "duty, necessity, or propriety of the unlawful assaulting or killing of any officer . . . of the Government of the United States," or "the unlawful damage, injury, or destruction of property."

Once an individual submits an application, USCIS conducts a background investigation, see 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1, which includes a full FBI criminal background check, see 8 C.F.R. § 335.2.

After completing the background investigation, USCIS schedules a naturalization examination at which the applicant meets with a USCIS examiner for an interview. In order to avoid inordinate processing delays and backlogs, Congress has stated "that the processing of an immigration benefit application," which includes naturalization, "should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

If the applicant has complied with all requirements for naturalization, federal regulations state that USCIS "shall grant the application." 8 C.F.R. § 335.3(a) (emphasis added).

Courts have long recognized that "Congress is given power by the Constitution to establish a uniform Rule of Naturalization. . . . And when it establishes such uniform rule, those who come within its provisions are entitled to the benefit thereof as a matter of right.

> " Schwab v. Coleman, 145 F.2d 672, 676 (4th Cir. 1944) (emphasis added); see also Marcantonio v. United States, 185 F.2d 934, 937 (4th Cir. 1950) ("The opportunity having been conferred by the Naturalization Act, there is a statutory right in the alien to submit his petition and evidence to a court, to have that tribunal pass upon them, and, if the requisite facts are established, to receive the certificate." (quoting Tutun v. United States, 270 U.S. 568, 578 (1926))).

Once an application is granted, the applicant is scheduled in to be sworn in as a U.S. citizen.

# FACTUAL BACKGROUND

1. On or about March 4th, 2020 USCIS received Plaintiff Mohammed A Mahmood's Form N-400, Receipt Number IOE0908570732. On January 15, 2021 USCIS scheduled an interview, which was cancelled on February 9, 2021. On June 10, 2024, USCIS scheduled a new interview for Plaintiff. To this day, USCIS has failed to conduct an interview for Plaintiff Mohammed A Mahmood's N-400 Application for Naturalization.

2. On or about September 16, 2020 USCIS received Plaintiff Obaida A Al Hayazei's form N-400 Receipt number IOE0909659192. On December 31, 2020, Plaintiff was scheduled for a biometrics appointment. Since then there has been no action by USCIS on PLAINTIFFS case. Along with this filing we will be sending fresh g-28 and notice to withdraw

3. On or about October 31, 2022 USCIS received plaintiff Obaida A Al Hayazei's form N-400, Receipt number IOE0918250205. On December 22, 2022 USCIS scheduled an interview, which was cancelled on January 19, 2023. USCIS scheduled a second interview on June 22, 2023. USCIS cancelled the scheduled interview on July 11, 2023. Since then, plaintiff has made several inquiries regarding his case status, to which USCIS has failed to address and failed to conduct the plaintiff's interview.

Current clients getting there interview and decision in an average of few months and according to USCIS processing time it is 7 months as we checked on or about November 30th 2024 https://egov.uscis.gov/processing-times/

## COUNT I - IMMIGRATION & NATIONALITY ACT AND IMPLEMENTING REGULATIONS

PLAINTIFFS incorporate the allegations of the preceding paragraphs as if fully set forth herein.

To secure naturalization, an applicant must satisfy certain statutorily enumerated criteria.

By its terms, CARRP creates additional, non-statutory, substantive criteria that must be met prior to a grant of a naturalization application.

Accordingly, CARRP violates 8 U.S.C. § 1427, 8 C.F.R. § 316.2, and 8 C.F.R. § 335.3, as those provisions set forth the exclusive applicable statutory and regulatory criteria for a grant of naturalization.

Because of this violation and because CARRP's additional, non-statutory, substantive criteria have been applied to PLAINTIFFS. PLAINTIFFS have suffered and continue to suffer injury in the form of an unreasonable delay of the applications for naturalization.

## COUNT II - UNIFORM RULE OF NATURALIZATION

PLAINTIFFS incorporate the allegations of the preceding paragraphs as if fully set forth herein.

Congress has the sole power to establish criteria for naturalization, and any additional requirements, not enacted by Congress, are ultra vires.

By its terms, CARRP creates additional, non-statutory, substantive criteria that must be met prior to a grant of a naturalization application.

Accordingly, CARRP violates Article I, Section 8, Clause 4 of the United States Constitution.

Because of this violation and because CARRP's additional, non-statutory, substantive criteria have been applied to PLAINTIFFS. PLAINTIFFS have suffered and continue to suffer injury in the form of the adjudication of the applications for naturalization.

# COUNT III - ADMINISTRATIVE PROCEDURE ACT (5 U.S.C. § 706)

PLAINTIFFS incorporate the allegations of the preceding paragraphs as if fully set forth herein.

CARRP constitutes final agency action that is arbitrary and capricious because it "neither focuses on nor relates to a [non-citizen's] fitness to" obtain the immigration benefits subject to its terms. Judulang v. Holder, 132 S. Ct. 476, 485 (2011).

CARRP is also not in accordance with law, is contrary to constitutional rights, and is in excess of statutory authority because it violates the INA and exceeds USCIS's statutory authority to implement (not create) the immigration laws, as alleged herein.

As a result of these violations, PLAINTIFFS have suffered and continues to suffer injury in the form of an unreasonable delay of the adjudication of the applications for naturalization.

# COUNT IV - ADMINISTRATIVE PROCEDURE ACT (NOTICE AND COMMENT)

- PLAINTIFFS incorporate the allegations of the preceding paragraphs as if fully set forth herein
- The Administrative Procedures Act ("APA"), 5 U.S.C. § 553, requires administrative agencies to provide a notice-and-comment period prior to implementing a substantive rule.
- CARRP constitutes a substantive agency rule within the meaning of 5 U.S.C. § 551(4).
- Defendants failed to provide a notice-and-comment period prior to the adoption of CARRP. Because CARRP is a substantive rule promulgated without the notice-and-comment period, it violates 5 U.S.C. § 553 and is therefore invalid.
- As a result of these violations, PLAINTIFFS have suffered and continue to suffer injury in the form of an unreasonable delay of the adjudication of the applications for naturalization.

## COUNT VI - FIFTH AMENDMENT (PROCEDURAL DUE PROCESS)

PLAINTIFFS incorporate the allegations of the preceding paragraphs as if fully set forth herein.

PLAINTIFFS' compliance with the statutory and regulatory requirements established in 8 U.S.C. § 1427 and 8 C.F.R. § 316.2 (for naturalization applicants), and in 8 U.S.C. § 1159 and 8 C.F.R. § 335.3 (for adjustment of status applicants), vests in them a constitutionally protected property and liberty interest.

This constitutionally-protected property or liberty interest triggers procedural due process protection.

Defendants' failure to give PLAINTIFFS notice of a classification under CARRP, a meaningful explanation of the reason for such classification, and any process by which PLAINTIFFS can challenge this classification, violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

Because of this violation, PLAINTIFFS have suffered and continues to suffer injury in the form of an unreasonable delay of the adjudication of the applications for naturalization.

## PRAYAR FOR RELIEF

FURTHERMORE, PLAINTIFFS respectfully request that the Court grant the following.

relief:

1. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

2. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of PLAINTIFFS' immigration benefit applications;
3. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;
4. Enjoin Defendants and order them to: (1) take all necessary steps to complete the FBI name checks of PLAINTIFFS within 30 days and finally adjudicate PLAINTIFFS' N-400 Applications within 30 days.
5. Award PLAINTIFFS reasonable attorneys' fees and costs under the Equal Access to Justice Act; and

Grant any other relief that this Court may deem fit and proper.

RESPECTFULLY SUBMITTED

November 30, 2024

/s/ Dalya Alabbassi

Dalya Alabbassi Alabbassi PLLC
 Texas Bar Number 24113524
 ATTORNEYS FOR PLAINTIFFS
 OBAIDA A AL HAYAZEI and
 MOHAMMED A MAHMOOD
 9950 Westpark Dr ste 102
 Houston, TX 77063

## Certificate of Service

I certified that Pursuant to Federal Rules of Civil Procedure, Rule 4(i)(2), On December 2nd, 2024 I mailed summons and complaints of the above document against the Defendant/s or its personnel in their official capacity by email, registered or certified mail, to:

1. Jaime Esparza United States Attorney
    WESTREN District of Texas Office of the United States Attorney
    601 N.W. Loop 410, Suite 600 San Antonio, Texas 78216-5597
2. U.S Attorney General
    United States Attorney General
    Attorney General of the United States
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001Civil Process Clerk

3. Civil Process Clerk
    Office of the United States Attorney for the WESTREN District of Texas 601 N.W.
        Loop 410, Suite 600 San Antonio, Texas 78216-5597

4. USCIS Office of the Chief Counsel
    5900 Capital Gateway Drive Mail Stop 2120 Camp Springs, MD 20588-0009


Also emailed to:  Richard.Soliz@usdoj.gov and USATXw.CivilNotice@usdoj.gov

/s/ Dalya Alabbassi

Texas Bar Number:24113524 Dalya Alabbassi, Esq